UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

SHAPIRO, CROLAND, REISER,
 APFEL & DI IORIO, LLP
John P. Di Iorio
Continental Plaza II
411 Hackensack Avenue
Hackensack, NJ 07601
Tele: (201) 488-3900
Fax: (201) 488-9481
*Attorneys for Debtor*

In Re:   RENAISSANCE DEVELOPMENT, LLC

Debtor.

Case No.: 16-29215-VFP

Chapter 11 Proceeding

## APPLICATION IN SUPPORT OF CONSENT ORDER PURSUANT TO 11 U.S.C. §543(d) EXCUSING RENT RECEIVER FROM TURNOVER OF PROPERTY OF DEBTOR

Renaissance Development, LLC ("Debtor") applies for entry of an order excusing NAI Hanson, the rent receiver for certain real property owned by Debtor from turning over property of the Debtor and, in support thereof, respectfully says:

1. Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on October 7, 2016 (the "Petition Date").

2. The Debtor is the owner of a five unit commercial property located at 301 Hoboken Road, Carlstadt, New Jersey (the "Property").

3. The Property is subject to a first mortgage lien in favor of Oritani Bank, which had obtained a judgment of foreclosure and a sale of the Property was scheduled for the Petition Date.

654647-1

4. Pursuant to an order entered in the foreclosure action on October 12, 2012, NAI Hanson ("Hanson") was appointed as rent receiver for the Property.

5. Shortly after the Petition Date, Debtor demanded pursuant to §543(b) of the Bankruptcy Code that Hanson deliver to Debtor any property of the Debtor and file an accounting of property of the Debtor that came into Hanson's possession since Hanson's appointment.

6. Following Debtor's demand, Debtor's counsel engaged in discussions with counsel for Hanson and counsel for Oritani Bank. The parties have agreed that Hanson shall be excused from turning over property of the Debtor, provided, however, that Hanson provide Debtor with a key to the Property and that the Debtor have the ability to enter into arms' length leases for the Property subject to the approval of Hanson or entry of an order by the Court authorizing Debtor to enter into a lease.

7. The parties have also agreed that Hanson will provide Debtor with an accounting of all receipts and disbursements related to the Property since Hanson's appointment.

WHEREFORE, Debtor respectfully requests entry of the annexed Consent Order pursuant to 11 U.S.C. §543(d) excusing Hanson from turning over property of Debtor.

SHAPIRO, CROLAND, REISER,<br>
APFEL & DI IORIO, LLP<br>
*Attorneys for Debtor*

Dated: November 3, 2016    By: _____
                                John P. Di Iorio, Esq.

654647-1